UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TAMA PLASTIC INDUSTRY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *vs.* ) | CAUSE NO.  1:11-cv-783-JMS-DKL |
| ) | |
| **PRITCHETT TWINE & NET WRAP,** ) | |
| **L.L.C.,; PRITCHETT TWINE, NET** ) | |
| **WRAP & AG SALES; JERALD** ) | |
| **PRITCHETT; JOSEPH PRITCHETT; JJ** ) | |
| **PRITCHETT; BALE SUPPLY, L.L.C.;** ) | |
| **JAMES BROWN; and ZACHARY** ) | |
| **BROWN,** ) | |
| ) | |
| Defendant. ) | |

**ENTRY and RECOMMENDATION**

**Plaintiff's** *Motion for Sanctions for Violation of Protective Order* **[doc. 77]**

On December 28, 2011, the Court approved and issued the parties' *Stipulated Protective Order* [doc. 42] ("PO").  It established two levels of confidentiality protection for discovery materials exchanged between the parties: Confidential and Attorneys' Eyes Only ("AEO").  The PO authorizes any party or non-party to designate "any information, document, thing, interrogatory answer, admission, pleading, or testimony" as AEO material if it contains "highly sensitive technical, scientific, research, financial, sales, customer, or other business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party."  PO ¶ 3.  Material produced and marked as [AEO] may be disclosed

1

only to outside counsel of record in this litigation for the receiving party and to such other persons as counsel of record for the producing party agrees in advance or as Ordered by the Court." PO ¶ 9.  AEO material may be "used by the receiving party solely for purposes of the prosecution or defense of this action, [and] shall not be used by the receiving party or any third party for any business, commercial, competitive, personal, or other purposes. . . . It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court." PO ¶¶ 9 and 4.  The PO provides a procedure by which a party may object to the designation of information as AEO and, if the objection is not resolved by agreement, obtain a ruling of the Court thereon.  PO ¶ 10.

Plaintiff Tama Plastic Industry ("Tama") contends that the Pritchett defendants ("Pritchetts") violated the terms of the PO by disclosing sensitive commercial information that Tama had designated as AEO to a third party without Tama's prior permission or a court order.  Attached to Pritchetts' response to Tama's motion for preliminary injunction is an expert report by Mike Pellegrino of Pellegrino and Associates, L.L.C., an intellectual-property valuations expert, that Tama contends contains and relies upon sales, profits, and products information that Tama had designated as AEO material.  Tama asserts that its

2

AEO information that appears in the Pellegrino Report was contained in the following sources that it had designated as AEO: **(1)** the deposition of Aviv Linn, currently Tama's Commercial Director ("Linn Deposition"); **(2)** a table containing commercial information that was produced and used during the Linn Deposition ("Exhibit 7"); **(3)** a written declaration by Mr. Linn ("Linn Declaration"); and **(4)** Tama's brief in support of its motion for preliminary injunction (Tama's "PI Brief").  Tama asks the Court to sanction Pritchetts' violation of the PO by striking the Pellegrino Report from Pritchetts' PI response, barring Pritchetts from relying on the Report and any arguments derived from services performed by Mr. Pellegrino, and barring Pritchetts from further use of Mr. Pellegrino and his firm in the remainder of this case.  Tama also asks for its reasonable fees incurred in bringing the present motion.

Pritchetts' counsel, Arthur J. Robinson, Jr.,[1] does not deny that the Pellegrino Report contains Tama's designated AEO material or that he disclosed the material to Mr. Pellegrino without Tama's consent or the Court's leave.  He argues, however, that this disclosure did not violate the PO and that, even if it did, the disclosure does not put Tama's information at risk because Mr. Pellegrino conducted a conflict check for customers and competitors, he signed a confidentiality agreement, and the information has not been further disseminated.

**Discussion**

---

[1] Throughout this Entry, "Pritchetts' counsel" refers to Mr. Robinson.

On March 30, 2012, Tama filed its motion for preliminary injunction [doc. 58]. The motion was supported, in part, by a brief and the Linn Declaration, both of which bore AEO designations. Tama publicly filed redacted versions of each, [docs. 59 and 59-15], and filed unredacted versions under seal, [docs. 60-1, 61, and 60-2]. It served copies of the unredacted PI Brief and Linn Declaration on Pritchetts *via* e-mail. [Doc. 80-1].

On May 2, 2012, Pritchetts took the deposition of Mr. Linn. At the start of the deposition, Tama's counsel made the following statement:

> If I may make a few preliminary statements. First of all, this entire deposition transcript is to be held as confidential under eyes only — attorneys' eyes only pursuant to the protective order entered in this case. And we would ask both the reporter and translator, as well as counsel and the videographer to maintain the confidentiality of all of the proceedings associated with this deposition.

Linn Deposition, p. 5 [docs. 80-2, 100-1]. When Exhibit 7 was introduced at the deposition, Tama's counsel similarly designated it as AEO material:

> Pritchetts' counsel: Why don't we go ahead and mark this as Exhibit 7.
>
> (Defendants' Exhibit 7 was marked for identification.)
>
> Pritchetts' counsel: And [Tama's counsel], are you okay with that one?
>
> Tama's counsel: Am I okay with that one?
>
> Pritchett's counsel: the Exhibit 7 that you gave me.
>
> Tama's counsel: Yes, with the same caution that it does not contain the confidential, attorneys' eyes only. And at some point, I would ask that that be affixed to the copy, or replaced with one that is so marked. And if it's easier, we can send you one with the appropriate marking and you can replace it.

4

>Pritchett's counsel:  We can substitute it?
>Tama's counsel:  Yes.
>Pritchett's counsel:  That's fine.

Linn Deposition, p. 135 [doc. 80-2].  The copy of Exhibit 7 that was submitted to the Court, [doc. 80-2, Page ID 1654] shows an affixed evidence sticker identifying the exhibit as "Def's Ex 7, Witness Linn, Date 5/2/12" and the document is stamped with "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

On May 10, 2012, eight days after the Linn Deposition, Pritchetts filed their response to Tama's PI motion and supported it, in part, with the Pellegrino Report, which was also dated May 10, 2012 [doc. 73-3 (filed May 11, 2012)].  The Report references and cites the Linn Declaration, Tama's PI Brief, and Exhibit 7 from the Linn Deposition.  On review of Pritchett's Response and the Pellegrino Report, it is evident that the Pellegrino Report contains and relies upon designated AEO information from the Linn Deposition, Exhibit 7, the Linn Declaration, and Tama's PI Brief, thus indicating that Mr. Pellegrino had access to the unredacted versions of these materials.[2]  Again, Pritchetts do not deny this fact and their counsel admitted to personally handing the materials to Mr. Pellegrino.  [Doc. 79-1, Page ID 1506.]  The Court's review of the material confirms Tama's contention that the designated AEO information consists of dollar amounts for Tama's profits, sales volumes,

---

[2] Because the Pellegrino Report and Pritchetts' Response were prepared and filed before the transcript of the Linn Deposition was prepared, reviewed, or finalized, it is evident that the AEO information contained therein was communicated by Pritchetts' counsel or someone under his control or supervision, who had attended the deposition.

5

internal pricing, costs, and other sensitive commercial information that meet the PO's definition of AEO material.

When first confronted by Tama with the apparent disclosure of its AEO material, Pritchett's counsel apologized for not seeking Tama's prior permission before giving Mr. Pellegrino the Linn Declaration, the Linn Deposition, and Exhibit 7. [Doc. 79-1, Page ID 1506.][3] He stated that he "was not personally aware of that requirement of your prior approval in the stipulation"[4] and that, in his twenty-seven years of experience, he has never operated under such a requirement. [*Id.*] He also asserted that he took precautions with the material: (1) he obtained a confidentiality agreement from Mr. Pellegrino before given him the documents, although the agreement was not submitted or described;[5] (2) Mr. Pellegrino is the only person who has received the documents; and (3) the Pritchett parties have not seen any of the materials. [*Id.*] Pritchetts' counsel states that "[a]ll steps required to prevent the dissemination of the information were taken before I placed the documents in Mr. Pellegrino's hands. He has been instructed to return all copies of the documents to us when his analysis is complete." [*Id.*]

---

[3] The Pellegrino Report cites the redacted version of the Linn Declaration by document number, (19-15) [doc. 80-3, Page ID 1658], but the content of the Report makes it obvious that Mr. Pellegrino was given the unredacted versions of the materials

[4] The Court notes that Pritchetts' counsel signed the PO.

[5] Thus, it is unknown whether counsel had Mr. Pellegrino sign the agreed "Undertaking" form that is attached to the PO.

Pritchetts' counsel then shifted gears and began arguing to Tama that it had been over-designating materials as AEO. However, Pritchetts did not and do not now contest any of Tama's designations under the PO. The Court generously will assume that Pritchetts' counsel does not argue that a receiving party's personal belief that a producing party's designations of discovery materials are excessive justifies the receiving party disseminating clearly qualified AEO material in violation of a protective order.

Finally, in his response to the present motion, Pritchetts' counsel argues that his disclosure of Tama's AEO material to Mr. Pellegrino, without Tama's consent or Court order, was permitted by the terms of the PO. However, he relies on an unreasonable interpretation of ¶ 7 of the PO:

> With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only. which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in paragraphs 5(a) ["Outside counsel . . . and relevant in-house counsel"], (b) ["Outside experts or consultants retained by outside counsel for purpose of this action, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A"], (c) [support staff of the foregoing], (d) [Court], and (f) [litigation-preparation vendors] above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in paragraphs 5(a), (b), (c), (d), and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with paragraphs 3, 4, 5, and 6.

PO ¶ 7 [doc. 42].  Pritchetts' counsel argues that ¶ 7 means that any AEO-designated information that is included in deposition testimony or transcripts may be disclosed to the persons identified in ¶ 5(a), (b), (c), (d), and (f), presumably as long as the disclosure is accomplished within thirty days of the producing party's receipt of the deposition transcript.  As noted, Tama clearly designated Mr. Linn's deposition testimony as AEO material before he testified and it designated Exhibit 7 as AEO material when it was introduced at the deposition.  To interpret ¶ 7, as Pritchetts' counsel argues, to nonetheless permit disclosure of sensitive material beyond outside counsel, including parties and non-parties, is contrary to the clear language of ¶ 9, the evident scheme and intent of the outside "attorney's eyes only" designation, and even the label "attorneys' eyes only."  The Court agrees with Tama that the only reasonable interpretation of ¶ 7 is that it affords a party a window of opportunity after a deposition is concluded to review the transcript thereof and designate material as AEO or Confidential that was not so designated before the deposition.

Therefore, the Court rejects Pritchetts' counsel's argument that ¶ 7 allowed his disclosure of the Linn Deposition and Exhibit 7 to Mr. Pellegrino.  The Court also finds that this interpretation was not the basis for his disclosures; instead, we find that his first explanations when confronted by Tama were closer to the truth:  he recognized the violation, apologized for it, and attributed it to his lack of knowledge of the relevant terms of the PO.  Regarding the present circumstances, the terms of the PO were clear and only

Pritchetts' counsel's ignorance or disregard of the PO's terms or a cavalier attitude toward them can explain his violations.[6]

The Court also finds unconvincing Pritchetts' counsel's argument that counsels' e-mail exchange [doc. 93-1] shows that Tama knew that Pritchetts' counsel intended to disclose its AEO material to Mr. Pellegrino.  We credit instead Tama's assertion that Pritchetts' counsel's references to the experts for whom he was requesting copies of Tama's AEO information reasonably were interpreted as referring only to outside counsel's own experts, not to third-party experts.  Pritchetts' counsel never requested Tama's permission to disclose its AEO-designated material with Mr. Pellegrino and never indicated or suggested to Tama that it would be so disclosed.

Therefore, the Court finds that Pritchetts' counsel violated the PO by disclosing Tama's AEO material to Mr. Pellegrino without Tama's consent and without this Court's order.

However, the sanctions that Tama requests for the violation are too severe.  By submitting (under seal) its commercial information and its in-house financial expert's opinions in support of its motion for a preliminary injunction, Tama has placed that information and those opinions at issue.  Pritchetts are entitled to confront and contest that

---

[6] The Court also notes that Pritchetts' counsel's argument regarding ¶ 7 of the PO applies only to the Linn Deposition and, perhaps, Exhibit 7 thereto.  He offered no defense to his disclosure of the unredacted versions of the Linn Declaration or Tama's PI Brief.

information and those opinions, and to offer its own expert's analysis and opinion thereof. If Pritchetts had followed the procedure established in the PO and sought Tama's consent to disclose it filed AEO information to its expert, the Court assumes that Tama would have been accommodating. However, if Tama refused, and the issue were presented to the Court, it is probable that the Court would have given Tama the option of consenting to disclosure of the information or withdrawing and not relying on its AEO information to support its motion for a preliminary injunction. Even if the Pellegrino Report were stricken and Pritchetts were barred from relying on any arguments derived therefrom, they could have requested leave to obtain a new expert and disclosure of Tama's filed AEO material to the new expert. In that case, Tama's sensitive commercial information would be in the hands of two third-party experts instead of one and the risk of disclosure increased.

Protective orders encourage parties to disclose sensitive material, lead to better-informed litigation and decisions, and reduce the costs and delays of litigation. Parties and their counsel must respect and comply with protective orders or these advantages are lost in current litigation and threatened in future litigation. Therefore, courts have a duty to strictly enforce protective orders in the interests of the parties and the public. It is especially important that cavalier attitudes about the terms of protective orders, as exhibited in this instance, are discouraged. However, sanctions for violations of protective orders must be proportionate, practical, and compatible with other important interests such as deciding claims on their merits, achieving correct decisions, and maintaining the

efficiency of litigation and judicial decision-making. On the present motion, the Court's goal is to determine a practical sanction that maintains and restores the parties' and counsel's respect for and compliance with the protective order but does not detract from the integrity of the preliminary injunction hearing and decision.

Striking the Pellegrino Report from Pritchetts' opposition to the preliminary injunction motion, prohibiting use of any fruit thereof, and prohibiting use of the Pellegrino firm and information in this case is not the best balance of interests informing the decision. Tama has not shown any disclosure or substantial risk of disclosure of its AEO material to a competitor or customer. While Tama is clearly not in a position to know the history of its information in Mr. Pellegrino's hands or what controls have been maintained on its information, Pritchetts' counsel has asserted that a confidentiality agreement was obtained with Mr. Pellegrino before he was given Tama's information (although it is unknown whether this agreement is in the agreed form); that Mr. Pellegrino is the only person who has had access to the information (although his Report indicates the assistance of at least one other individual whose involvement is unknown); and that Mr. Pellegrino has been instructed to return all AEO information. Further, in order to arrive at an accurate decision on Tama's preliminary-injunction motion, it would be better for the Court to have the benefit of the best-supported adversary presentations, including Pritchetts' expert analysis of Tama's financial evidence.

Therefore, the Pellegrino Report is not stricken and Pritchetts may rely on the Report

in support of their opposition to the preliminary-injunction hearing. However, no later than two days before the hearing, Pritchetts must deliver to Tama, (1) Mr. Pellegrino's execution of the agreed Undertaking in the form attached to the PO; (2) identifications (including all information requested by Tama) of all persons who have had access to the information disclosed to Mr. Pellegrino; (3) Undertakings executed by those identified persons; and (4) a full description of the steps implemented by Mr. Pellegrino and Pritchetts to assure the security of Tama's AEO material.

Because Tama had good cause to file the present motion, the Court concludes that is entitled to its reasonable fees and costs incurred in presenting and litigating the present motion.[7] Tama shall file a bill of costs, with support therefor, within fourteen days after the preliminary-injunction hearing.

Plaintiff's *Motion for Sanctions* [doc. 77] is **GRANTED IN PART and DENIED IN PART** as set forth herein.

**SO ORDERED.**

Date:

---

[7] The Court leaves it to Pritchetts and their counsel to determine how to divide responsibility for Tama's fees and costs.

Distribution:

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@harrisonmoberly.com

Steven G. Cracraft
William Kenneth Doss
David Eugene Novak
Arthur S. Robinson, Jr.
BRANNON ROBINSON SOWERS HUGHEL & DOSS, P.C.
scracraft@brannonrobinson.com
wkd@brannonrobinson.com
den@brannonrobinson.com
asr@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

Keir J. LoIacono
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, L.L.P.
600 S. Avenue West
Westfield, NJ 07090-1497

Arnold I. Rady
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, L.L.P.
arady@ldlkm.com