UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMA PLASTIC INDUSTRY, ) | |
|     *Plaintiff/Counter-defendant*, ) | |
| ) | |
| *vs.* ) | 1:11-cv-0783-JMS-DKL |
| ) | |
| PRITCHETT TWINE & NET WRAP, LLC, *et al.*, ) | |
|     *Defendants/Counter-plaintiffs.* ) | |

## **ORDER**

Earlier today the Court issued an order denying Plaintiff Tama Plastic Industry's ("Tama") request for a preliminary injunction. [Dkt. 169.] Shortly after issuing that Order, Tama's counsel called chambers to ask that the Order be restricted to case participants only because he believes that a portion of the Order discloses confidential information subject to the parties' protective order. [Dkt. 42.]

"It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). In fact, the United States Supreme Court has recognized that this right to access is protected by the First Amendment of the United States Constitution. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Although this principle originated from a need to ensure access to criminal cases, it has been expanded to civil proceedings. *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992).

The public's right to access court records is not unlimited, however, and Federal Rule of Civil Procedure 26(c) allows the Court to shield certain documents from the public when there is good cause to do so. *Bond*, 585 F.3d at 1074. Although protective orders may keep certain documents confidential, as a general rule, "*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (original emphasis). As the Seventh Circuit has observed, "How else are observers to know what the suit is about or assess the [judge's] disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing." *Id.*

Very few categories of documents are to be kept confidential once "their bearing on the merits of a suit has been revealed." *Id.* In civil litigation, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Id.* Trade secret law "does not exhaust legitimate interests in confidentiality," however, and "businesses that fear harm from disclosure required by the rules for the conduct of litigation often agree to arbitrate." *Id.* at 547. A party seeking to maintain confidentiality must explain what harm will result from the disclosure as well as why that harm is the sort that presents a legal justification for secrecy in presumptively public litigation. *Id*. at 547.

In light of Tama's concern, the Court has temporarily restricted the access of its Order denying Tama's request for a preliminary injunction to case participants. [Dkt. 169.] For the time being, the parties should treat that Order as confidential material pursuant to their joint protective order. [Dkt. 42.] Given the strong presumption in favor of public access to court filings,

- 3 -

however, the Court **ORDERS** each party to file a statement by **August 8, 2012**, specifically setting forth any portion of the Order the party believes should be maintained under seal, what harm will result from disclosure, why that harm is the sort that presents a legal justification for secrecy, and what legal precedent supports maintaining that portion under seal.

The Court notes that the precedent it details herein describes the standards for sealing documents submitted to the Court, not for sealing portions of a Court's order. The Court found no authority for permanently sealing access to an order in the short time it had to address this issue. Therefore, if a party desires to maintain any portion of the Order under seal, it should also direct the Court to applicable legal authority for doing so, keeping in mind that the Court's Order conveyed the dispositive information that was necessary to address the arguments raised by the parties.

08/03/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@harrisonmoberly.com

Steven G. Cracraft
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
scracraft@brannonrobinson.com

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell

- 4 -

KLF LEGAL
kfarrell@klflegal.com

David Eugene Novak
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
den@brannonrobinson.com

Arnold I. Rady
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP
arady@ldlkm.com

Arthur S. Robinson Jr.
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
asr@brannonrobinson.com