IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMA PLASTIC INDUSTRY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV324 |
| | ) | |
| v. | ) | |
| | ) | |
| PRITCHETT TWINE & NET WRAP, LLC, and JOSEPH JERALD PRITCHETT, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion (Filing No. 311) that the Court partially reconsider its *Markman* order (Filing No. 308). The plaintiff objects to the Court's adoption of the defendants' construction of the claim term "knitted with."

In the Eighth Circuit, motions for reconsideration "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Accordingly, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier

with reasonable diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014)

The plaintiff argues manifest error in the Court's analysis of claim construction. The plaintiff relies upon arguments involving intrinsic evidence which the Court has already considered in its *Markman* order. The Court has reviewed these arguments and finds them without merit. Accordingly,

IT IS ORDERED that the plaintiff's motion (Filing No. 311) is denied.

DATED this 15th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court