IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMA PLASTIC INDUSTRY,<br><br>        Plaintiff,<br><br>vs.<br><br>PRITCHETT TWINE & NET WRAP, LLC, JOSEPH JERALD PRITCHETT;<br><br>        Defendants. | 8:12CV324<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Defendants' motion to modify the parties' stipulated protective order, (Filing No. 319).  For the reasons set forth below, the motion is denied.

## BACKGROUND

      This case is a patent infringement action in which Tama Plastic Industry ("Tama") asserts Pritchett Twine and Net Wrap, LLC and Joseph Pritchett (collectively "Pritchett" or "Defendants"), have infringed on a patent owned by Tama.  The action was initiated in the United States District Court for the Southern District of Indiana and was later transferred to this court.  (See Filing No. 2).  While the matter was pending in Indiana, the parties entered into a stipulated protective order (the "Protective Order").  (Filing No. 42).

      The Protective Order provides two classifications of documents: (1) Confidential and (2) Attorneys' Eyes Only.  Documents designated as Attorneys' Eyes Only include "any document or thing that contains highly sensitive technical, scientific, research, financial, sales, customer, or other business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party."  (Filing No. 42 at CM/ECF p. 2).  Any

materials produced in litigation and designated as Attorneys Eyes Only are only to be reviewed by outside counsel for the party to whom the materials are produced unless otherwise agreed upon by the parties or ordered by the court.  (Filing No. 42 at CM/ECF p. 5).

Defendants now seeks a modification of the Protective Order allowing additional individuals to have access to documents designated as Attorneys' Eyes Only by the plaintiff.  Defendant Pritchett is involved in a dispute with its insurance carrier, Farm Bureau Property and Casualty Insurance Company ("Farm Bureau") in which Pritchett is seeking indemnification in the infringement action.  While the law suit between Pritchett and Farm Bureau remains unresolved, Farm Bureau has apparently undertaken Pritchett's defense in the infringement action before this court.

Pritchett requests that the court modify the Protective Order to allow Pritchett to provide documents with the Attorneys Eyes Only designation to Michael Ensley, a casualty claims consultant with Farm Bureau.  Michael Ensley is an attorney licensed in Nebraska, but Pritchett has not asserted that he is providing legal representation in this case.  Tama has objected to Pritchett's request.

**ANALYSIS**

The court has the discretion to modify a protective order. See Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 499, 501 (S.D. Iowa 1992)(citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 955 (8th Cir. 1992)).  The burden is on the party seeking to modify the protective order to demonstrate good cause for why the modification is necessary. Jochims, 145 F.R.D. at 501; see also Arnold v. Pennsylvania, Dep't of Transp., 477 F.3d 105, 108 (3d Cir. 2007)(stating the burden is on the party seeking modification to come forward with a reason for why modification is appropriate).  This is particularly true

when a party seeks to the modification of a stipulated protective order as opposed to a court-ordered protective order. Jochims, 145 F.R.D. at 501 (citations omitted). The party seeking modification must make a showing of intervening circumstances to indicate why the protective order should be lifted or modified. See, e.g., Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 (8th Cir. 1979) (finding the district court committed clear error where it lifted a protective order "without any showing that intervening circumstances had in any way obviated" the need for the protective order); Jochims, 151 F.R.D at 342.

In this case, Defendants' argue "Mr. Ensley is handling Defendants' insurance claim with Farm Bureau regarding this litigation. Farm Bureau is providing a defense for this litigation, and under the terms of the insurance contract, has a contractual right to investigate the claim and direct any potential settlement. . . . Mr. Ensley also supervises defense spending on litigation and needs full access to all pleadings to assess such spending." (Filing No. 320 at CM/ECF p. 6).

Defendants have not provided the specificity necessary to make a showing of good cause. Pritchett simply states that Mr. Ensley needs access to the information designated as Attorneys' Eyes Only to help Farm Bureau "investigate the claim and direct any potential settlement." Pritchett does not opine as to what information Farm Bureau is currently lacking that is contained in the Attorneys' Eyes Only materials. That is, Pritchett makes a blanket request for all Attorneys' Eyes Only materials without any attempt to narrow down that universe of documents and identify what documents or types of information Farm Bureau may need. Pritchett's generalized conclusory statements about Farm Bureau's need for the materials does not support a finding of good cause.

Additionally, Farm Bureau's involvement in this case is hardly a new development or unexpected turn in this case – i.e, an "intervening circumstance." Farm Bureau first

communicated with Pritchett on November 16, 2011, that it would be entering a defense on his behalf, but was not waiving any of its rights regarding coverage and specifically noted that some or all of the claimed damages may have occurred outside of the policy period or otherwise might not be covered under Pritchett's policy.  ([Filing No. 323-2 at CM/ECF pp. 15-18](#)).  Thus, Farm Bureau's involvement is not a new development.  Defendants could have addressed Farm Bureau's potential need for access to Tama's Attorneys' Eyes Only documents in the original Protection Order, but apparently elected not to do so.

Finally, even if modification of the Protective Order was appropriate, it is not at all clear to the court that Mr. Ensley, a casualty claims consultant with Farm Bureau,[1] would be an appropriate individual to review any of the materials designated as Attorneys' Eyes Only.  Farm Bureau is apparently involved in this litigation and the ancillary proceeding in which it is seeking a declaration that it is not required to defend Pritchett.  Farm Bureau has outside counsel.  Allowing its outside counsel to review any sensitive materials would be much more in line with the spirit of the Protective Order.  Giving unfettered access to an employee of Farm Bureau would not.

Accordingly,

IT IS ORDERED that Defendants' Motion to Modify, ([Filing No. 319](#)), is denied.

September 26, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] Although Defendants state that Ensley is an attorney licensed to practice in the state of Nebraska, Defendants make no real effort to claim this status allows him to review Attorneys' Eyes Only documents under the Protective Order.  There is good reason for this – Ensley is not acting as an attorney in this case and is certainly not representing Defendants or Farm Bureau.  He does not qualify as outside counsel for Defendants, as required under the terms of the Protective Order.